UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

BETHEL SMITH,                        )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )    4:05-CV-8
                                     )    (JARVIS/GUYTON)
                                     )
JO ANNE B. BARNHART,                 )
Commissioner                         )
of Social Security,                  )
                                     )
        Defendant.                   )

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's motion for summary judgment [Doc. 14] and the defendant's motion for summary judgment. [Doc. 18]. Plaintiff has also filed a motion to remand to consider new evidence. [Doc. 20], and the defendant Commissioner opposes the motion. [Doc. 21]. Having exhausted her administrative remedies, plaintiff seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Commissioner.

The ALJ made the following findings:

1. The claimant met the insured status requirements of the Act as of the alleged disability onset date, June 1, 1998.

2. The claimant has not engaged in substantial gainful activity since June 1, 1998.

3. The claimant has a remote history of a single occurrence of deep venous thrombosis and a combination of impairments considered "severe," which includes mild lumbar stenosis, mild heart valve regurgitation, bilateral knee osteoarthritis with tendonosis and tendinitis, tachycardia, hypertension, diverticulosis, morbid obesity and asthma.

4. This combination of impairments does not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the residual functional capacity to perform light work activity which accommodates occasional lifting and/or carrying of 25 pounds; frequent lifting and/or carrying of 25 pounds; standing and/or walking for four out of eight hours and without interruption for one hour; sitting for eight hours out of eight and without interruption for two hours; no climbing, crawling or kneeling; occasional stooping and crouching; no pushing or pulling over 50 pounds; and the avoidance of temperature extremes, chemicals, dust and fumes.

7. The claimant can perform her past relevant work.

8. The claimant has been "not disabled," as defined in the Act, since June 1, 1998.

(Tr. 38-39).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. 42 U.S.C. § 405(g). See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir.1987) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).

First, plaintiff argues that a sentence six remand is warranted because the ALJ failed to develop the record regarding the issue of a somatoform[1] disorder which plaintiff's attorney raised following the administrative hearing and which plaintiff maintains was established by the report of Dr. Jones submitted to the Appeals Council. In a separate filing, plaintiff also argues that her treating physician, Dr. Hooper, has changed his assessment of her ability to do work-related activities based on Dr. Jones' report, and thus, a sentence six remand is appropriate.

Plaintiff explains that she notified the ALJ via letter on March 13, 2004 that development of her mental residual functional capacity ("RFC") needed to be revisited. (Tr. 177). Plaintiff's attorney indicated that perhaps plaintiff had a somatoform disorder and asked the ALJ to order another mental assessment. However, the ALJ did not order a mental assessment to develop this issue, but instead issued his decision on March 18, 2004. Plaintiff

---

[1]This disorder denotes "physical symptoms that can not be attributed to organic disease and appear to be of psychic origin." Dorland's Ilustrated Medical Dictionary 1663 (29th Ed. 2000).

3

contends that a sentence six remand is warranted so that the ALJ may consider the May 19, 2004 report by Dr. Jones which was submitted to the Appeals Council (Tr. 1053-63).

In conjunction with Dr. Jones' report, plaintiff, in a separate filing, argues that her treating physician, Dr. Hooper, "has materially altered his stance upon the claimants [sic: claimant's] ability to work based upon newly acquired medical and psychiatric evidence that claimant may be disabled." [Doc. 20]. Plaintiff contends that "[i]t is now Dr. Hooper's opinion, based upon a review of Dr. Leslie Jones psychiatric evaluation which was unavailable at the time of the hearing, that the claimant is in fact disabled." Id. Plaintiff asserts that "Dr. Hooper has now given the opinion that the claimant has severe limitations that have existed since the hearing and that the claimants [sic: claimant's] mental disorder contributes to her physical problems."

The Commissioner asserts that remand is not appropriate. She points out that plaintiff's date last insured for disability insurance benefits is December 31, 2003 (Tr. 114), and consequently, evidence of a mental impairment before this date is determinative, not the recent evaluation by Dr. Jones and the medical assessment of Dr. Hooper. Specifically, she points to the following time-relevant information regarding plaintiff's mental condition: in August 2001, consultative examiner Dr. O'Brien opined that plaintiff was not significantly impaired in any work-related functional area (Tr. 661), diagnosing adjustment disorder, and state agency reviewer Dr. Edwards opined that plaintiff did not have a severe mental impairment. (Tr. 662-75). Additionally, the Commissioner notes that plaintiff's own treating physician, Dr. Hooper, did not suggest that plaintiff seek psychological treatment. She maintains that while Dr. O'Brien diagnosed adjustment disorder, not a somatoform disorder, the issue is how a disorder affects

4

plaintiff's ability to work, not the diagnosis per se. Accordingly, the Commissioner contends that "not any treating, examining, or reviewing physician indicated that [plaintiff] needed any restrictions based on a mental condition," and thus, because the ALJ had sufficient evidence to make a determination regarding a mental impairment, he did not need to order a consultative examination.

The Commissioner further explains that plaintiff's attorney, in a February 20, 2004, letter notified the ALJ that he had scheduled a deposition of Dr. Hooper for February 25, 2004. (Tr. 176). However, on March 13, 2004, the attorney wrote to the ALJ to explain that the deposition had been cancelled because Dr. Hooper stated that plaintiff could work. (Tr. 177). Plaintiff's attorney suggested that plaintiff may be suffering from a somatoform disorder and asked the ALJ to send her for another mental assessment, but the ALJ issued his decision on March 18, 2004. (Tr. 39).

The Commissioner maintains that the real reason Dr. Jones' report was submitted to the Appeals Council rather than to the ALJ was because it was not until then that plaintiff realized that her medical records would not support her disability and she needed another theory of the case. Moreover, the Commissioner maintains that plaintiff's last insured date for disability benefits was December 31, 2003, and Dr. Jones' examination and disabling opinion are dated May 19, 2004 (Tr. 1056), which is after plaintiff's last insured date. Although plaintiff insists that Dr. Jones' analysis relates back to 1999 (Tr. 1063), the Commissioner contends that this is only speculation by Dr. Jones because her opinion is contradicted by a psychological

5

examination performed in August 2001.[2] (Tr. 658-61). The Commissioner points out that Dr. O'Brien in 2001 diagnosed plaintiff with adjustment disorder with mixed anxiety and depressive mood (Tr. 661), not major depression. However, a social worker in 2001 diagnosed plaintiff with major depressive disorder (Tr. 882), but the Commissioner maintains that a social worker is not an acceptable medical source.

The Commissioner insists that the issue is whether plaintiff's condition relates back to the applicable time period <u>before</u> December 31, 2003. With respect to Dr. Hooper's report, the Commissioner asserts that "[o]f the two, certainly the more time-relevant evaluation should be considered credible." Dr. Hooper's August 4, 2005, report presents quite a contrast with his evaluation of September 25, 2003.[3] (Tr. 1008-12).

Evidence that is not part of the record may not be considered upon substantial evidence review of the ALJ's decision. <u>Cotton v. Secretary of Health and Human Services</u>, 2 F.3d 692, 695-96 (6th Cir. 1993). Such is the case with the report of Dr. Jones and the August 2005 evaluation of Dr. Hooper. This evidence, however, may be considered for a remand under sentence six, if the plaintiff can demonstrate that this additional evidence is new and material and that there is good cause for failing to submit it to the agency before the ALJ issued his decision. <u>See</u> 42 U.S.C. 405(g) ("Finally, where a party presents new evidence on appeal, this court can remand for further consideration of the evidence only where the party seeking remand shows that

---

[2] The Commissioner notes that although Dr. Jones refers to a 1999 psychological evaluation, she is unable to determine what psychological evaluation Dr. Jones is referring to that occurred in 1999.

[3] The record contains a medical source statement that was not completed by Dr. Hooper. (Tr. 977-80).

6

the new evidence is material and that there was good cause for not presenting the evidence in a prior proceeding.").

Plaintiff concedes that this new evidence was not before the ALJ and requests a sentence six remand. However, plaintiff's last insured date is December 31, 2003, so she must prove that she was disabled before this date. Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997) (the relevant time for consideration for disability insurance benefits is the claimant's condition after his or her alleged disability onset date until the expiration of his or her disability insurance status).

While plaintiff correctly argues that the ALJ has a duty to develop an adequate record to support his decision, Born v. Secretary of Health and Human Services, 923 F.2d 1168 (6th Cir. 1990), it is plaintiff's burden to provide a complete record, defined as evidence complete and detailed to enable the Secretary to make a disability determination. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 214 (6th Cir. 1986). Although plaintiff argues that the ALJ should have ordered another consultative examination to investigate a somatoform disorder, the ALJ is not required to obtain a consultative examination at government expense, unless the record establishes that such an examination is necessary to enable the ALJ to make a determination of disability. 20 C.F.R. § 404.944-961. The record contains the opinion of consultative examiner Dr. O'Brien and state agency reviewer Dr. Edwards, both of whom found that plaintiff did not have a severe mental impairment. (Tr. 661, 662-75) Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420, 1428 (1971) (written report of a consultant physician who has examined the claimant can constitute substantial evidence); 20 C.F.R. §

7

404.1527(f)(2)(i), (State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation). Furthermore, Dr. Hooper, plaintiff's own treating physician who indicated he had treated plaintiff for twelve years,[4] himself did not find that plaintiff needed mental health treatment. (Tr. 31, 1012). Although plaintiff contends that this additional evidence relates back to before the expiration of her insured status, the record clearly supports the ALJ's finding that **before** December 31, 2003 plaintiff did not have a severe mental impairment. Thus, I find that plaintiff has not demonstrated that a sentence six remand is warranted.

With respect to the issue of obesity, plaintiff in her brief concedes that the ALJ's opinion regarding her RFC for work is supported by Dr. Hooper's physical assessment, but contends that "there is something wrong with the picture where the treating physician continues to see a patient often twice monthly for significant physical problems, prescribes 17 medications, and yet rates the patient has [sic] having little to no physical limitations on their ability to work." [Doc. 15]. Plaintiff maintains that the ALJ failed to consider her obesity in combination with her other disorders and impairments.

However, the Commissioner points out that the ALJ adopted the restrictions found by Dr. Hooper, who, as plaintiff's treating physician, was aware of the tests administered as well as the opinions of other physicians. (Tr. 37; 39, Finding Number 6; 1008-12). Further, plaintiff claims that the physicians of record only recommended, not ordered, that she lose

---

[4] I note that in his August 2005 evaluation Dr. Hooper indicates he has treated plaintiff for seven years. [Doc. 20].

8

weight and that there was no indication from her physicians as to how she could lose weight. The Commissioner disputes, however, this claim and cites several examples of specific recommendations made to plaintiff: in April 1999, Dr. Ripley noted he had "again emphasized better physical conditioning" and advised her to walk for 30 to 45 minutes every day (Tr. 25, 728); in August 2001, Dr. Arms suggested home exercise programs (Tr. 27, 869) and in November 2001 recommended surgical weight loss (Tr. 867); in August 2002, Dr. Lytle recommended that she try to find a location for water aerobics (Tr. 895); and in November 2002, Dr. Brown explained that plaintiff needed to exercise. (Tr. 897). In addition, the Commissioner insists that the record does not indicate that plaintiff did any of these conditioning programs, considered any dietary solutions, or considered surgery.

The burden is on plaintiff through Step 4 of the evaluation process. 20 C.F.R. § 404.704. At Step 4, the ALJ compares the plaintiff's RFC to the requirements of her past work and determines whether the past work required her to perform activities in excess of her RFC, 20 C.F.R. § 404.1520(e), and if they do not, then she is not disabled. 20 C.F.R. § 404.1560(b).

Social Security Ruling 02-1p provides that although there is no longer a specific listing for obesity, it can be a medically determinable impairment and could, in combination with other impairments, meet or equal a listing. However, despite plaintiff's assertions to the contrary, the ALJ noted in his decision that morbid obesity is one of plaintiff's "severe" impairments and that it is one of "a combination of impairments considered 'severe.'" (Tr. 24). Further, the ALJ noted in his lengthy review of plaintiff's medical history (Tr. 23-39) that several physicians had recommended that plaintiff lose weight: Dr. Arms, who suggested plaintiff walk for exercise; Dr.

9

Lytle, who diagnosed "osteoarthritis in a morbidly obese patient" and suggested plaintiff consider water aerobics (Tr. 895); and Dr. Jarvis, who "felt that the vast majority of her dyspnea was 'related to her morbid obesity, lack of exercise, etc.'" (Tr. 27-28, 911). The ALJ noted that "[t]here is not evidence that [plaintiff] complied with medical recommendations to lose weight and exercise daily." (Tr. 35). Finally, the ALJ in making his RFC determination considered plaintiff's combination of impairments, including her morbid obesity, in making his finding. (Tr. 36-37). <u>Gooch v. Secretary of Health and Human Services</u>, 833 F.2d 589, 591-92 (6th Cir. 1987) (ALJ considered claimant's impairments in combination where he referred to "a combination of impairments" in finding claimant had not listing-level impairment and ALJ referred to the claimant's "impairments" in the plural.).

Thus, it is hereby **RECOMMENDED**[5] that the plaintiff's motion for summary judgment [Doc. 14] and motion to remand [Doc. 20] be **DENIED** and that the Commissioner's motion for summary judgment [Doc. 18] be **GRANTED**.

Respectfully submitted,

    s/H. Bruce Guyton
United States Magistrate Judge

---

[5] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).